(No. 5491.   December 31, 1930.)

## In re C. H. EDWARDS.

[294 Pac. 847.]

S. L. Tipton, for Petitioner.

James F. Ailshie, Jr., and E. P. Barnes, Prosecuting Committee of Idaho State Bar.

LEE, J.—Petitioner, C. H. Edwards, seeks "to review the action of the Board of Commissioners of the Idaho State Bar in overruling the action of the Committee on Discipline in said cause in sustaining a demurrer to the complaint and amended complaint filed therein and the recommendations of the said Board."

Pursuant to a suggestion of this court in *In re Edwards*, 45 Ida. 676, 266 Pac. 665, that further action of the Board of State Bar Commissioners should be taken with reference to certain letters alleged to have been written by petitioner to a client's wife, the prosecuting committee duly appointed by the board filed a complaint with the Committee on Discipline, incorporating said letters, and alleging that in the writing thereof petitioner "wilfully, knowingly and unlawfully violated his duty as an Attorney and Counselor and as a member of the Idaho State Bar, and did not maintain the respect due to the Courts of Justice and Judicial Officers of the State of Idaho."

A general demurrer interposed and argued by petitioner's counsel was sustained. After leave granted, the Prosecuting Committee filed an amended complaint retaining the original charge by amplifying the allegations in relation to the import of the letters. Another general demurrer having been sustained, the Committee on Discipline thereafter made its report and its recommendation to the board to dis-

miss the case. The board reversed the action of the Committee on Discipline, the order stating:

"It is now the opinion of the Commission that the Committee on Discipline was in error in its decision on the general demurrer and its recommendation that the matter be dismissed and the case closed. We find that the amended complaint does state facts sufficient to constitute a cause of action for disciplinary proceedings against C. H. Edwards, and require that he answer said amended complaint within twenty days from date hereof."

The main grounds urged for review are as follows:

1. The trial committee was correct in its conclusion that the complaint did not state facts sufficient to constitute a cause of action against this defendant.

2. That the commissioners of the Idaho State Bar are without authority of law or of the rules of the said board, as approved by the supreme court of Idaho, to make any order approving or rejecting the findings, conclusions, and orders made in said cause by the Trial Committee; and also said commissioners are without authority of law or of the rules of the said board, as approved by the supreme court of the state of Idaho, to make any order withdrawing any further proceedings in said matter from the Trial Committee; and is without authority of law or of the rules of the said board, as approved by the supreme court of Idaho, in attempting to hear further proceedings in said. cause without the aid and assistance of the Trial Committee.

3. That the commissioners of the Idaho State Bar should have certified the report of the Trial Committee together with all the papers in the case to the supreme court, without making any order of approval or disapproval of the report of the Trial Committee for the reason that the said commissioners of the Idaho State Bar are without authority of law or of the rules of the said board, as approved by the supreme court of Idaho to make the order or attempted order shown in this case.

There is no merit in the first contention. That the letters contained matter, upon its face, reprehensible and

violative of an attorney's duties and obligations was not only intimated by this court in *In re Edwards, supra,* but patently appears from one excerpt alone:

"You know a man in jail with no friends on the outside and no money himself and charged with a serious offense, it is an uphill business to do anything for him. But with a few dollars you can make many friends, and many times escape justice by the use of a little money."

To the ears of a distracted wife, what else could the latter proposition have done but ring the changes on the all too-frequent complaint that justice can be thwarted by cash distributions cannily dispensed?

■■ It is earnestly contended that, not being a judicial body, the board was without authority to pass on petitioner's demurrer. The same objection might have consistently been raised to the action of the Committee on Discipline, yet petitioner appeared before it by a demurrer, and insists that the subsequent ruling in his favor should be sustained: the committee is no more a judicial body than the board. All other objections raised are taken care of by rule 36 of rules of the supreme court and board of commissioners. That rule provides that the Committee on Discipline shall make "findings of fact, conclusions of law and such recommendations as in its judgment is justified." These with the files are to be certified to the secretary of the board. Thereafter, the board shall review the matter, and "shall make and enter such recommendatory order as in its opinion should be made," and file a certified copy of such order with the clerk of the supreme court. Obviously, the board had *carte blanche* to make any order warranted by the record.

It is contended that the board's review is limited to hearings on what has been concluded by the Committee on Discipline, and that in this instance the board had no such hearing. There was nothing to hear save a possible rehashing of the original argument on the demurrer. The board had the power to hear it in the first instance. If dissatisfied with the action of the Committee on Discipline, it could

242

have disregarded that action and proceeded of its own motion. (Rule 41.)

The board is in effect an arm of this court, commissioned to find facts, declare its opinion on the law and recommend to the court a course of action; it is empowered to do nothing final.

The petition is denied, with directions to the board to set a time for hearing upon the amended complaint and such answer as petitioner may see fit to file within twenty days.

Givens, C. J., Varian and McNaughton, JJ., and Adair, D. J., concur.